IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:<br>SHERITA JOYNER<br>Debtors. | *<br>*<br>*<br>* | Case No. 15-10742-BLS<br>Chapter 13 |
| * * * * * * * * * * * * * | | |
| MTGLQ INVESTORS, LP.<br>Movant.<br>v.<br>SHERITA JOYNER, Debtor<br>MICHAEL B. JOSEPH, Trustee.<br>Respondents. | *<br>*<br>*<br>*<br>* | |
| * * * * * * * * * * * * * | | |

## CONSENT ORDER MODIFYING AUTOMATIC STAY

The parties have agreed to this Consent Order by and among Sherita Joyner (hereinafter "the Debtors") and MTGLQ Investors, LP (hereinafter "the Movant"), through their respective counsel, as follows:

### BACKGROUND

1. The Debtor is the real and registered owner of certain real estate situated at 29 Balfour Avenue, Claymont, DE 19703 (hereinafter "the Mortgaged Property") and currently is in possession of the same.

2. Movant is a creditor of the Debtor as evidenced by the certain Note in the original principal amount of $139,000.00 (hereinafter "the Note") executed on February 28, 2007.

3. The Debtor executed a Mortgage dated February 28, 2007 (hereinafter "the Mortgage") securing the Note in favor of SunTrust Mortgage, Inc.'s (the original Movant in this matter) interests in the Mortgaged Property. Subsequently, on October 14, 2016, SunTrust Mortgage Inc. ~~assigned~~ *alleges to have assigned* all of its interests in the Mortgaged Property to Movant.

File No.: DE-94000173-16

1

4. On or about April 7, 2015 (hereinafter "the Filing Date"), the Debtor filed a voluntary Petition for Relief Pursuant to Chapter 13 of the United States Code (the "Bankruptcy Code"). Michael B. Joseph was appointed Chapter 13 Trustee.

5. The Debtor is in default of the Note and the Mortgage obligation to Movant and they have failed to make full payment of the Note and Mortgage payments that have come due for the months of August 1, 2016 through and including February 1, 2017.

6. The Debtor's post-petition payments for the Mortgaged Property fell into arrears. SunTrust Mortgage, Inc., as original mortgagee, filed a Motion for Relief from Stay on May 19, 2016 (ECF 38), for which Movant now seeks relief.

7. The parties to this Stipulated Order recognize the cost, inconvenience, and uncertainty associated with pursuing and defending the motion for relief from the automatic stay and, instead, desire to settle their disputes on the terms and conditions set forth in this Stipulated Order.

**NOW, THEREFORE**, with the foregoing Background deemed incorporated herein by this reference as if set forth at length, the parties hereto, intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenant and terms contained herein, agree as follows:

8. Determination of the Movant's Motion is hereby stayed until the Debtor performs, observes, and/or fully complies with any covenant, term, or condition contained in this stipulation, including, without limitation, the performance of payments called for by paragraphs 9, 10 and 12 of this stipulation.

9. The arrearages and costs are calculated as follows:

$ 3,825.22    Missed Post-petition Payments
$ 400.00      Bankruptcy Attorney Fees

File No.: DE-94000173-16

2

$ 176.00    Bankruptcy Filing Fees
$ 444.60    Unapplied Funds
$ 3,956.62  TOTAL

Arrears calculated as follows:
Mortgage payments – August 1, 2016 through and including February 1, 2017 @ $546.46 each

Debtor agrees to pay the arrears of $3,956.62 by including them in a Modified Chapter 13 Plan.

10. On or before ~~March~~ April 7, 2017, Debtor shall file a Motion to Modify the Chapter 13 Plan to include the post-petition arrears referenced in Paragraph 9 in the amount of $3,956.62.

11. As soon as practical, upon entry of the Order approving Motion to Modify Chapter 13 Plan, Movant shall file a Post-petition Proof of Claim which provides for cure of the post-petition arrears referenced in Paragraph 9 in the amount of $3,956.62.

12. The Debtor will resume making regular monthly installment payments in the amount of $546.46 as they become due commencing on March 1, 2017. Late payments will incur applicable late charges.

13. The following shall be Events of Default under this Stipulated Order and under the Note and Mortgage:

    a. the occurrence of a default under the Note and Mortgage including the failure to make a monthly payment to Movant pursuant to the terms of the Note and Mortgage; and

    b. Debtor's failure to perform, observe, or fully comply with any covenant, term, or condition contained in this Stipulated Order including, without limitation, the failure to make any payment called for by paragraphs 9, 10 and 12 of this Stipulated Order.

File No.: DE-94000173-16

3

14. Upon the occurrence of an Event of Default and ten (10) days notice thereof to Debtor and their counsel as set forth in paragraph 11 above and Debtor's failure to cure said event of default within 10 days of receipt of said Notice of ~~Default~~ Non-compliance, Relief from Stay will be hereby lifted without further hearing, upon the filing of a Notice of Default. Rule 4001(a)(3) shall ~~not~~ be applicable and Movant may, at its option, exercise any or all of the following rights and remedies:

   a. declare all existing liabilities, indebtedness, and obligations of the Debtor to Movant immediately due and payable, including, but not limited to, interest, principal, expenses, advances to protect Movant's interest in the Mortgaged Property, and reasonable counsel fees to enforce this Stipulated Order of the Note and Mortgage, all without demand, notice, or any further actions;

   b. institute any legal proceedings available to Movant for the purpose of recovering any damages suffered by Movant as a result of Debtor's breach of this Stipulated Order;

   c. take any and all actions necessary to foreclose upon the Mortgaged property; and/or

   d. exercise any other right or remedy available to Movant under applicable law.

   e. All of the above items "a" through "d" shall be *in rem* actions only against the property.

15. All notices required or desired to be given to the Debtor hereunder shall be in writing and shall be deemed to have been given when the notice is (i) personally delivered to

File No.: DE-94000173-16

4

Debtor and their counsel or (ii) sent by United States First Class Mail, postage prepaid to Debtor at their address set forth below and sent by United States First Class Mail, postage prepaid to Debtor's counsel at the address and number set forth below:

**Debtor:**

Sherita Joyner
29 Balfour Avenue
Claymont, DE 19703

**With a Copy to:**

Cynthia L. Carroll, P.A.
262 Chapman Road
Suite 108
Newark, DE 19702

Michael B. Joseph
Chapter 13 Trustee
P.O. Box 1351
Wilmington, DE 19899-1351

**Any notice of a change in the foregoing addresses shall be sent to counsel for Movant.**

16. This Stipulated Order shall be binding upon the parties hereto, their respective heirs, successors, assigns, executors, administrators, and legal and personal representatives, regardless of whether the Debtor's bankruptcy case is converted or dismissed and shall be binding upon any trustee appointed in the case. Confirmation of any plan or reorganization filed in Debtor's bankruptcy case shall not alter, amend, modify, or otherwise affect any term, covenant, or condition of this Stipulated Order without the prior written consent of Movant.

17. Nothing herein nor any delay on the part of Movant in the exercise of any right or remedy hereunder shall operate or be construed as a waiver of any of Movant's rights hereunder.

File No.: DE-94000173-16

18. This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same instrument.

19. It is expressly understood and agreed that the execution and entry of this Stipulated Order shall in no way constitute a waiver of the Debtor's right to propose a plan of reorganization which seeks to impair Movant's claim or right to object to any plan of reorganization proposed or filed by the Debtor.

20. As long as no uncured Event of Default exists, the terms of Stipulated Order shall remain in effect until all of the payments under paragraph 9, 10 and 12 have been made.

21. Attorney fees and costs for issuing Notice to Cure, Notice/Certificate/Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

IN WITNESS THEREOF, the parties hereto have authorized their respective counsel to execute this Stipulated Order on their behalf and caused this Order to be executed.

DATED: 03/31/2017

/s/ Lisa R. Hatfield
Lisa R. Hatfield, BAR# 4967
Stern & Eisenberg Mid-Atlantic, PC
500 Creek View Road
Suite 304
Newark, DE 19711
Ph: 302-731-7200
lhatfield@sterneisenberg.com

DATED: 3-27-17

Cynthia L. Carroll, P.A.
262 Chapman Road
Suite 108
Newark, DE 19702
cynthia@cynthiacarrolllaw.com
Attorney for Debtors

File No.: DE-94000173-16

6

DATED: 4-10-17

Michael B. Joseph
824 Market Street
PO Box 1351
Wilmington, DE 19899-1351
MJoseph@ch13de.com
Chapter 13 Trustee

APPROVED and SO ORDERED this ____ day of _____, 2017

By The Court: _____
United States Bankruptcy Judge

File No.: DE-94000173-16